UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CURTIS ALLEN DAVIS,

        Petitioner,

v.                                        CASE NO.:   5:25-cv-525-JLB-PRL

WARDEN, FCC COLEMAN - CAMP,

        Defendant.
_____/

**OPINION AND ORDER**

Petitioner Curtis Allen Davis, proceeding pro se, is a federal inmate who initiated this case by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Doc. 1).  Petitioner, who was sentenced in the Southern District of Florida, challenges the legality of his custody by asserting that the prosecutors in his case lacked lawful appointment authority under the Appointments Clause.[1]  (Id.)

Collateral attacks on the legality of a sentence must be brought under 28 U.S.C. § 2255.  The text of the "saving clause" in section 2255(e) permits a federal prisoner to challenge his sentence pursuant to section 2241 only where "the remedy by motion is inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  The petitioner bears the burden of demonstrating that a section

---

[1] The Appointments Clause provides the exclusive means for appointing "Officers of the United States" and sets as a default rule that all "Officers of the United States"—whether "inferior" or "principal"—must be appointed by the President and confirmed by the Senate.  U.S. Const., Art. II, § 2, cl. 2.

2255 motion is "inadequate or ineffective." McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc., 851 F.3d 1076, 1081 (11th Cir. 2017) (en banc).

Absent narrow exceptions, the Eleventh Circuit has held that a section 2241 proceeding is not available to challenge the validity of a sentence. Id. at 1089. The Eleventh Circuit has provided examples where, post-McCarthan, a motion to vacate would be an inadequate mechanism to test a prisoner's claim and thus a section 2241 would be an appropriate vehicle to test that prisoner's claim as follows. The first category of cases is if a federal prisoner challenges the execution of his sentence, e.g., the deprivation of good-time credits or parole determinations. See Amodeo v. FCC Coleman - Low Warden, 984 F.3d 992, 999 (11th Cir. 2021) (internal citations omitted). "The second category of cases that fit within the narrow confines of the saving clause are those in which the sentencing court is unavailable or dissolved, or where practical considerations like 'multiple sentencing courts' prevent a federal prisoner from filing a § 2255 motion." Id. at 999–1000 (citing McCarthan, 851 F.3d at 1093).

Although the examples provided by the McCarthan court are not exhaustive, if a prisoner's claim fits within those categories identified in McCarthan, a prisoner may file a section 2241 habeas petition under section 2255(e)'s saving clause. But again, the focus is whether the "prisoner's claim merely challenges 'the validity of his sentence.'" Williams v. Warden, FCC Coleman, 803 F. App'x 324, 326 (11th Cir. 2020) (internal citations omitted). If that is indeed the focus of the claim, the prisoner "cannot proceed under § 2241 because he could raise this claim in a § 2255

motion." Id. (citation omitted). Furthermore, Federal Rule of Civil Procedure 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Accord Rule 12, 28 U.S.C. foll. § 2254 ("The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provision or these rules, may be applied to a proceeding under these rules.").[2]

Even construing his pro se petition liberally, as the Court must, none of Petitioner's claims are cognizable under section 2241 because he challenges the validity of his arrest, detention, conviction, and sentence, not the execution of his sentence. Section 2255 permits a prisoner to contest his sentence by motion "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or *that the court was without jurisdiction to impose such sentence*, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a) (emphasis added). It authorizes the sentencing court to provide specified relief if the court finds "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." Id. § 2255(b). The rule provides that the motion is to be filed in "the court which imposed the sentence." Id. § 2255(a).

---

[2] Pursuant to Habeas Rule 1(b) of the "Rules Governing Section 2254 Cases," the Court has discretion to apply the Rules to habeas corpus petitions under section 2241.

Here, Petitioner has failed to demonstrate that a motion to vacate filed pursuant to section 2255 is "inadequate or ineffective." McCarthan, 854 F.3d at 1081 (citation omitted). Petitioner's claims center entirely around the validity of his arrest and detention and an alleged lack of jurisdiction by the United States to prosecute him and his sentencing court to impose sentence. (Doc. 1 at 1–3). Section 2255 authorizes the sentencing court to provide relief when it was without jurisdiction to impose a sentence; thus, Petitioner has a remedy through section 2255. See United States v. Chandler, 183 F. Supp. 3d 1158, 1164 (N.D. Ala. 2016) (noting that "a challenge to the legitimacy of a prosecutorial appointment (while confined) is an attack on the validity of confinement" and section 2255 is the "avenue of relief").[3] The mere fact that the sentencing court purportedly lacked jurisdiction does not render a motion under section 2255 inadequate or ineffective.

Nor has Petitioner shown that the sentencing court is unavailable, or that practical considerations (such as multiple sentencing courts) prevent him from filing a section 2255 motion. The sentence under attack was imposed in the Southern District of Florida. That court is not unavailable.

Accordingly, Petitioner has failed to demonstrate the applicability of section 2255(e)'s saving clause, and this Court therefore lacks jurisdiction to adjudicate this section 2241 petition on its merits. See Rule 4, U.S.C. foll. § 2254, Rules Governing Section 2254 Cases in the United States District Courts ("If it plainly appears from

---

[3] Chandler suggests that section 2241 is "possibly" an avenue of relief, 183 F. Supp. 3d at 1164, but that decision predates the Eleventh Circuit's en banc opinion in McCarthan, 851 F.3d at 1081.

the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."). To challenge his conviction and sentence, Petitioner would have to file a section 2255 motion with the district court that convicted and sentenced him.

Thus, this case is **DISMISSED** for lack of jurisdiction. See Fed. R. Civ. P. 12(h)(3); 28 U.S.C. § 2255(b). The Clerk is directed to enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** in Tampa, Florida this 15th day of October 2025.

_____
JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE

SA:   OCAP-2
Copies: Petitioner

- 5 -